Filed 4/17/26  P. v. Castro CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JEREMY JAMES CASTRO, Defendant and Appellant. | H053045 (Santa Clara County Super. Ct. No. C1906644) |

Jeremy James Castro appeals the trial court's order following a resentencing hearing pursuant to Penal Code section 1172.75.[1]  Appellate counsel filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2002) 14 Cal.5th 216, requesting this court to conduct an independent review of the record.  After conducting our independent review, we requested supplemental briefing from the parties on the application of *People v. Kopp* (2025) 19 Cal.5th 1 (*Kopp*) to this matter.  Having received and reviewed the parties' supplemental briefs, we reverse the judgment and remand for further proceedings.

---

[1] All further unspecified statutory references are to the Penal Code.

# I. PROCEDURAL BACKGROUND[2]

In September 2019, Castro pleaded no contest to one count of attempted murder (§§ 664, 187, subd. (a)) and admitted an allegation that he personally used a deadly weapon in the commission of the offense (§ 12022, subd. (b)(1)). Castro also admitted that he had previously been convicted of a violent or serious felony (§§ 667.5, subd. (c) & 1192.7, subd. (c)) (strike prior) and had served a prior prison term (§ 667.5, subd. (b)). Pursuant to a plea agreement negotiated with the People, Castro agreed to serve a prison term of 12 years.

On December 20, 2019, the trial court sentenced Castro to a term of 10 years on count 1, a consecutive term of one year on the section 12022, subdivision (b)(1) enhancement, and a consecutive, one-year term on the prior prison term enhancement, for a total aggregate sentence of 12 years. The court awarded 262 days of actual custody credits and 39 days of good time/work time credits (§ 2933.1) for a total of 301 days. The court awarded restitution to the victim's father in the amount of $456,000 and $2,000 to the California Victim Compensation Board (the latter amount ordered jointly and severally with a codefendant). The court imposed the following fines and fees: a restitution fine of $3,600 (§ 1202.4, subd. (b)(2)), a suspended parole revocation fine (§ 1202.45), a court security fee of $40 (§ 1465.8), a criminal conviction assessment of $30 (Gov. Code, § 70373), and a booking fee of $129.75 to the City of San Jose (Gov. Code, §§ 29550, 29550.1, 29550.2). There is no indication in the record that Castro appealed from the judgment.

On October 19, 2023, on his own behalf Castro filed in the trial court a request for "modification and resentencing under [] section[s] 1170.1,

_____

[2] The record on appeal does not describe the facts underlying Castro's conviction.

2

1172.75, 1170[, subdivision] (d)(2), 1170.1[, subdivision] (d)(3), 1170.22, 1385, and 1170[ subdivision] (d)(1)."[3]  (Capitalization omitted.)  The court subsequently issued an order finding that Castro was not entitled to be resentenced under section 1172.75 prior to December 31, 2023 (see § 1172.75, subd. (c)(2)).  The court denied the motion but appointed counsel "to assist [Castro] in pursuing relief under Senate Bill [No.] 483."[4]

On October 23, 2024, counsel for Castro filed in the trial court a petition under section 1172.75 to strike a legally invalid enhancement and for resentencing.  Counsel declared that Castro was sentenced on December 20, 2019, his sentence included a now invalid enhancement under section 667.5, subdivision (b), and Castro was eligible for resentencing.  In their resentencing brief filed in the trial court, the People agreed that Castro

[3] There is no indication in the record that the Department of Corrections and Rehabilitation identified Castro as having a legally invalid prior prison term enhancement in his sentence, although no party in the trial court objected to the court's consideration of Castro's section 1172.75 claim on that basis.  (See § 1172.75, subd. (b).)

[4] As described by our Supreme Court, "In 2019, in an effort to reduce the societal and fiscal burdens of incarceration, the Legislature passed Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136), which amended section 667.5[, subdivision] (b) to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code.' (Stats. 2019, ch. 590, § 1.)  In 2021, Senate Bill No. 483 (2021–2022 Reg. Sess.) made this change retroactive.  It enacted Penal Code section 1171.1 (Stats. 2021, ch. 728, §§ 1, 3), later renumbered without substantive change as Penal Code section 1172.75 . . . (Stats. 2022, ch. 58, § 12), which declares:  'Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code is legally invalid.' (§ 1172.75, subd. (a).)" (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1054.)

3

should be resentenced under section 1172.75.  The People requested that the court sentence Castro to 11 years in state prison and cited factors related to Castro's criminal history, the nature of the current counts of conviction, and Castro's rules violations in prison in support of this request.

On December 20, 2024, the trial court conducted a hearing on Castro's section 1172.75 resentencing request.  The court found that Castro was entitled to be resentenced under section 1172.75 because his 12-year prison sentence included "one now invalid prison prior."  The court indicated that, other than the one-year prison prior, it did not "see any interest of justice to vacate anything that [the court] could vacate."  The court stated that its "inclination" was to resentence Castro to an aggregate term of 11 years.  The court asked both parties whether they wished to be heard on the indicated sentence, and both sides declined.

The trial court sentenced Castro on count 1 to a term of five years, doubled to 10 years pursuant to the strike prior, and imposed a consecutive one-year term on the section 12022, subdivision (b)(1) enhancement.  The court "dismissed" the prison prior.  The court awarded Castro's original custody credits of 262 actual days and 39 days pursuant to section 2933.1 and additionally awarded 1,828 days of actual credit.  The court directed the Department of Corrections and Rehabilitation to calculate any post-December 31, 2023 good time/work time credits.

With respect to fines and fees, the trial court found "based upon the sentence imposed, and the credits that were just awarded, the court does find Mr. Castro does not have an ability to pay fines and fees.  They are stayed under the dictates of the Due[ñ]as case.[5]  This in no way modifies the

---

[5] *People v. Dueñas* (2019) 30 Cal.App.5th 1157, overruled by *Kopp, supra,* 19 Cal.5th 1.

restitution orders previously ordered by the [c]ourt." The trial court issued an abstract of judgment for the December 20, 2024 sentencing that indicated the trial court had stricken the punishment for the section 667.5, subdivision (b) enhancement but had not fully stricken the enhancement.

Castro appealed from the 2024 judgment. This court appointed counsel to represent Castro on appeal and granted Castro's unopposed motion to deem the notice of appeal timely filed. Castro's appellate counsel wrote to the trial court, noting that the 2024 abstract of judgment erroneously indicated that the trial court had stricken only the punishment associated with the section 667.5, subdivision (b) enhancement and not the enhancement itself. Counsel requested the trial court prepare an amended abstract of judgment to reflect the striking of the section 667.5, subdivision (b) enhancement. The trial court subsequently did so.

After Castro's appellate brief had been filed, the California Supreme Court issued its decision in *Kopp, supra*, 19 Cal.5th 1. This court requested supplemental briefing on whether this court should remand this matter to the trial court to address the fines and fees imposed and stayed at Castro's December 20, 2024 sentencing in light of *Kopp* and the relevance, if any, of section 1237.2,[6] to this question.

---

[6] Section 1237.2 provides, "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous

5

In his supplemental brief, Castro contends that the matter should be remanded to the trial court to address the fines and fees imposed at his resentencing. Castro asserts that, on remand, the trial court should find an inability to pay any restitution fund fine over the $300 minimum fine and should impose that amount for the restitution fund fine and for the parole revocation fine. Castro additionally argues that the trial court should find an inability to pay and decline to impose the court operations assessment under section 1465.8, subdivision (a)(1) or the court facilities assessment under Government Code section 70373, subdivision (a)(1). Castro states that section 1237.2 does not apply because *Kopp* made a change in the law regarding the appropriate standards for considering a defendant's ability to pay regarding punitive fines and ancillary costs. Castro makes no argument that imposition of the minimum $300 restitution fine for his conviction for attempted murder would constitute excessive punishment under the excessive fines clause. Castro also does not challenge his order to pay victim restitution.

In his supplemental brief, the Attorney General agrees that the judgment should be modified and Castro ordered to pay the statutory minimum restitution and parole revocation fines of $300 and that all other fees (including the booking fee) should be vacated. The Attorney General argues that, because the trial court stayed at resentencing the previously imposed fines and fees based on its finding that appellant did not have the ability to pay, remand is not required under *Kopp*. The Attorney General requests that this court modify the judgment to order the statutory minimum restitution and parole revocation fines of $300 and to vacate the booking fee.

imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

6

Finally, the Attorney General asserts that any claim of error in the imposition or calculation of fines, fees, assessments, or costs is barred under section 1237.2 because Castro did not first move in the trial court to correct the error. Moreover, the Attorney General maintains that section 1237.2 does not bar imposition by this court of the statutory minimum restitution and parole revocation fines because that provision applies solely to appeals taken by the defendant on the ground of an error in the imposition or calculation of fines and fees.

## II. DISCUSSION

In *Kopp*, our Supreme Court explained the constitutional framework for assessing the array of " 'court-ordered payments' " typically imposed at criminal sentencings. (*Kopp*, *supra*, 19 Cal.5th at p. 11.) It stated that a restitution fine is a "punitive fine" that must be assessed under the excessive fines clause (but not the due process clause). (*Ibid.*) (See *id.* at p. 13 ["A restitution fine under section 1202.4 constitutes punishment."]; *id.* at p. 23 ["[W]e do not find a due process requirement to hold an ability to pay hearing before imposing every punitive fine. . . . [W]e clarify that the excessive fines analysis, which considers ability to pay, is the proper vehicle to challenge punitive fines."].)

By statute, a sentencing court must impose the minimum restitution fine ($300 for felonies (§ 1202.4, subd. (b)(1)) unless the court "finds compelling and extraordinary reasons for not doing so," which may not include an inability to pay. (§ 1202.4, subds. (b) & (c).) A defendant has a statutory right to challenge any restitution fine assessed above the minimum amount, including on grounds that they are unable to pay it. (*Kopp*, *supra*, 19 Cal.5th at pp. 23–24.)

7

As for "ancillary costs," which include the mandatory court operations (§ 1465.8, subd. (a)(1)) and court facilities assessments (Gov. Code, § 70373, subd. (a)(1)), the *Kopp* court held that these fees should, for indigent defendants, be assessed under equal protection principles. It decided, "in light of the Legislature's provision of fee waivers to indigent civil litigants, equal protection principles require a court, upon request, to consider a defendant's inability to pay before imposing a court operations assessment under Penal Code section 1465.8, subdivision (a)(1) or a court facilities assessment under Government Code section 70373, subdivision (a)(1)." (*Kopp*, *supra*, 19 Cal.5th at p. 30.) Our Supreme Court confirmed in *Kopp* that "[a] victim restitution order is neither a fine nor an ancillary cost." (*Id.* at p. 16.)

Although Castro and the Attorney General differ on whether this matter must be remanded, they agree on the application of *Kopp* to Castro's fines and fees. They agree that, in light of the trial court's previous finding that he is unable to pay any fines or fees, he should be ordered to pay the minimum restitution fine of $300 (§ 1202.4, subd. (b)(1)) and that a parole revocation restitution fine in the same amount must be imposed and suspended (§ 1202.45, subds. (a) & (c)). They also agree that Castro should not be ordered to pay any ancillary costs because any such order would violate equal protection principles.

We accept the parties' application of the principles announced in *Kopp* to the facts of this case. We also accept Castro's request that we remand the matter to the trial court for it to consider the appropriate fines and fees to impose given the procedural history of this matter. (See *People v. Rivera* (2019) 7 Cal.5th 306, 348–349; *People v. Serrato* (1973) 9 Cal.3d 753, 764,

8

disapproved on other grounds by *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1.)

## III.  DISPOSITION

The judgment is reversed and remanded to the superior court solely for further proceedings as to the imposition of fines and ancillary costs.  In all other respects, the judgment is affirmed.

_____
Danner, Acting P. J.

WE CONCUR:

_____
Lie, J.

_____
Kulkarni, J.*

**H053045**
*People v. Castro*

\* Judge of the Santa Clara County Superior Court, assigned by the
Chief Justice pursuant to article VI, section 6 of the California Constitution.